UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DELOND M. BLUNT,

    Petitioner,

v.                                                           Case No. 15-C-131

JUDY P. SMITH,

    Respondent.

---

## DECISION AND ORDER

---

Petitioner Delond Blunt petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief from his conviction and sentence for second-degree sexual assault on the ground that his conviction resulted from the violation of his constitutional rights. This case was reassigned to me on December 14, 2017. For the reasons discussed herein, the petition will be denied as time-barred and the case will be dismissed.

## BACKGROUND

On September 28, 2008, Blunt was convicted in the Circuit Court of Winnebago County of one count of second-degree sexual assault for performing fallatio on an unconscious person at a fraternity party. He was also convicted of bail jumping. Blunt pled no contest to each offense. He was sentenced to five years of confinement and five years of extended supervision on the sexual assault conviction, to be served concurrently with a sentence of one year of confinement and two years of extended supervision for the bail jumping conviction. The court entered judgment on November 21, 2008. Blunt did not appeal or file a notice of intent to appeal.

Between January 2, 2009 and February 12, 2009, the Department of Corrections requested clarification regarding the sentencing credit listed in the judgment of conviction. *Blunt v. State of Wisconsin*, Case No. 2007CF402, *available at* https://wcca.wicourts.gov. The circuit court concluded on February 12, 2009 that Blunt's sentence credit would remain as determined in the judgment of conviction. On July 27, 2010, Blunt filed a motion for sentencing credit. He did not challenge the merits of his conviction until May 17, 2011, when he filed a motion for post-conviction relief seeking to withdraw his plea. The circuit court denied the motion, and the Wisconsin Court of Appeals affirmed. The Wisconsin Supreme Court denied his petition for review on February 19, 2014. Blunt subsequently filed a federal habeas petition on February 2, 2015.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for filing a habeas petition in federal court. Under 28 U.S.C. § 2244(d), the one year period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In other words, if a petitioner files his petition outside of the one-year limitations period, his application is time-barred. Nevertheless, this one-year period can be tolled

2

in two instances. First, the limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). A court may also equitably toll the limitations period if the petitioner shows "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citation omitted).

Blunt asserts his petition is not time-barred for three reasons. First, he argues the respondent waived this issue by failing to raise it in her answer to the petition. The respondent admits that she did not raise timeliness in her answer. Nevertheless, the respondent requests that the court consider the issue because Blunt had the opportunity to address it in his reply brief. Although a statute of limitations affirmative defense is ordinarily forfeited if it is not raised in an answer or amendment thereto, district courts are permitted "to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). Only a respondent's strategic decision to not address timeliness in an answer to a petition or to relinquish the defense bars a district court from reviewing the issue. *Wood v. Milyard*, 556 U.S. 463, 472 (2012). In this case, the court finds that the respondent did not strategically withhold the timeliness defense or choose to relinquish it. The respondent requested that the court consider the issue in her brief in opposition to the petition. Blunt is not prejudiced by this request because he had an adequate opportunity to address the issue in his reply brief. Because the court can consider the issue *sua sponte*, the respondent's omission of the affirmative defense in her answer does not prevent the court from considering the timeliness of Blunt's petition.

Next, Blunt asserts that his petition is not barred because the limitation period was tolled during the time the state court corrected his sentence credit. Wisconsin court records indicate that the circuit court entered a judgment of conviction on November 21, 2008. Once judgment was entered, Blunt had twenty days to file a notice of intent to appeal or pursue post-conviction relief. *See* Wis. Stat. § 809.30(2)(b). He did not file the notice. As a result, his conviction became final on December 11, 2008, and the statute of limitations to file an application for post-conviction relief or a federal habeas petition began running. Although the time period tolled between January 2, 2009 and February 16, 2009, when Blunt and the Department of Corrections sought clarification on his sentence credit, the limitations clock resumed ticking on February 12, 2009, when the circuit court concluded his sentence credit would remain as determined in the judgment of conviction. The clock ran until July 27, 2010, when Blunt filed a motion for sentencing credit pursuant to Wis. Stat. § 973.155—a total of 530 days after the circuit court entered the judgment of conviction. Although the initial consideration of sentence credit tolled the statute of limitations period, Blunt's second motion was filed after the expiration of the limitations period. The motion did not toll the one-year statute of limitations period because it was not filed until after the period had lapsed. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (noting that "a state proceeding that does not begin until the federal year has expired is irrelevant"). In short, statutory tolling does not prevent Blunt's federal habeas petition, filed in 2015, from being time barred.

Finally, Blunt asserts that the limitations period should be equitably tolled. To repeat, a court may equitably toll the limitations period if the petitioner shows "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. Here, Blunt has satisfied neither requirement. Blunt maintains

4

that he believed that his criminal case was one continuous proceeding that tolled the deadline and that he was required to correct his sentencing credit before he could file a state habeas petition challenging his conviction. As an initial matter, a petitioner's misunderstanding of the law does not rise to the level of extraordinary circumstances necessary for equitable tolling. *Carpenter v. Douma*, 840 F.3d 867, 872 (7th Cir. 2016) (holding that "lack of legal training" is not an extraordinary circumstance). In addition, although Blunt pursued some of his rights in state court, the unexplained gap year between the time the circuit court issued its decision on sentence credit and the time Blunt filed a second motion to correct the sentence credit demonstrates that he was not diligently pursuing his rights. The court cannot find that any of Blunt's circumstances, alone or collectively, warrant applying the doctrine of equitable tolling to this case.

## CONCLUSION

Blunt allowed the one-year statute of limitations for federal habeas review to lapse. The circumstances of the case do not allow him to take advantage of statutory or equitable tolling. Accordingly, the court **DENIES** the petition as untimely. Blunt's petition for an injunction preventing the facilitation of the conditions of probation is **DENIED as moot**.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). The court

5

concludes that its decision is neither incorrect nor debatable among jurists of reason. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to enter judgment denying the petition and dismissing the action. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Blunt decides to appeal, he should also request that the court of appeals issue a certificate of appealability. Fed. R. App. P. 22(b).

Dated this  22nd  day of December, 2017.

                                      s/ William C. Griesbach
                                      William C. Griesbach, Chief Judge
                                      United States District Court